IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-03048-PAB

BERNARD JONES,

     Applicant,

v.

LOU ARCHULETA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

     Applicant, Bernard Jones, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Jones has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] challenging the validity of his conviction and sentence in El Paso County District Court case number 97CR873.

     On January 19, 2017, Magistrate Judge Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On January 26, 2017, Respondents filed their Pre-Answer Response, Docket No. 10, arguing that one of Mr. Jones' claims is procedurally defaulted and that a portion of another claim is not cognizable. On June 8, 2017, Mr. Jones filed a Reply to Pre-Answer Response, Docket No. 24, and, on June 16, 2017, he filed a Supplement to

Reply to Pre-Answer Response. Docket No. 26. Mr. Jones also has filed a Motion for Expansion of the Record, Docket No. 27, asking the Court to consider exhibits that are attached to the Reply to Pre-Answer Response. That motion will be granted.

The Court must construe the application and other papers filed by Mr. Jones liberally because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See Hall, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the application in part.

## I. BACKGROUND

The relevant factual and procedural background was summarized by the Colorado Court of Appeals as follows:

> A jury convicted Jones of first degree sexual assault and possession with intent to distribute a controlled substance. The trial court found that Jones was a habitual offender and sentenced him to sixty-four years in prison on the sexual assault conviction and ninety-six years in prison on the controlled substance conviction. Jones's convictions were affirmed on direct appeal. *People v. Jones*, (Colo. App. No. 98CA0146, Jan. 13, 2000) (not published pursuant to C.A.R. 35(f)).
>
> Jones then filed a pro se Crim. P. 35(c) motion alleging ineffective assistance of trial counsel. The trial court summarily denied the motion. Jones appealed, and a division of this court remanded the case for an evidentiary hearing on the ineffective assistance of trial counsel related to three issues: (1) evidence of the victim's gang affiliation; (2) the use of the victim's juvenile adjudication to show motive or bias; and (3) the testing of Jones's dental moldings. *People v. Jones*, (Colo. App. No. 01CA1118, Apr. 17, 2003) (not published pursuant to C.A.R. 35(f)).
>
> In 2006, the trial court held an evidentiary hearing,

2

> which was later reconvened and completed in 2012. On the date of the final hearing, Jones filed a supplemental Crim. P. 35(c) motion based on alleged newly discovered evidence. In a detailed and well-reasoned order, the trial court denied the Rule 35(c) motions and declined to hear evidence on the supplemental motion.

Docket No. 10-12 at 2-3.

Mr. Jones commenced the instant action in December 2016 asserting six claims for relief. The six claims are: ineffective assistance of trial counsel by failing to obtain evidence of the victim's gang affiliation (claim 1); ineffective assistance of trial counsel by failing to present evidence of the victim's juvenile adjudication (claim 2); the trial court erred during postconviction proceedings by not considering expert testimony regarding newly discovered evidence that a bite mark on the sexual assault victim was inconsistent with defendant's dentition and his argument that trial counsel were ineffective by failing to have the bite mark tested (claim 3); trial counsel labored under a conflict of interest (claim 4); ineffective assistance of trial counsel by failing to challenge the validity of his prior convictions (claim 5); and vindictive prosecution by punishing Mr. Jones for exercising his constitutional rights (claim 6).

Respondents do not contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents also do not contend that Mr. Jones failed to exhaust state remedies with respect to claims 1, 2, 4, and 6. Respondents do argue that claim 3 must be dismissed as procedurally defaulted. With respect to claim 5, Respondents do not contend that Mr. Jones failed to exhaust state remedies to the extent he is asserting counsel was ineffective by failing to challenge prior convictions. However, Respondents argue that claim 5 is not cognizable to the extent Mr. Jones seeks

to directly challenge the prior convictions.

## II. CLAIM 3

Construing the application liberally, the Court finds that claim 3 has two parts: a claim of actual innocence premised on newly discovered evidence that a bite mark on the sexual assault victim was inconsistent with Mr. Jones' dentition (claim 3(a)); and a claim that trial counsel were ineffective by failing to have a defense expert test the bite mark evidence (claim 3(b)). To the extent Mr. Jones contends in claim 3(a) only that the trial court erred during postconviction proceedings by failing to consider his newly discovered evidence, the claim is a non-cognizable challenge to state court postconviction procedures that does not implicate the validity of his conviction or sentence. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim."); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Respondents do not contend that the ineffective assistance of counsel argument in claim 3(b) is unexhausted or procedurally defaulted and it is apparent that the Colorado Court of Appeals rejected that claim on the merits in state court postconviction proceedings. *See* Docket No. 10-12 at 10-13. Therefore, the Court will not dismiss claim 3(b) at this time.

With respect to claim 3(a), Mr. Jones raised the actual innocence claim in a

4

supplemental motion in the state court postconviction proceedings and the Colorado Court of Appeals determined the claim was untimely as a matter of state law. *See* Docket No. 10-12 at 3, 13-15. Therefore, according to Respondents, claim 3(a) is procedurally defaulted. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998) (federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice"). Mr. Jones argues that claim 3(a) should not be dismissed because he can demonstrate cause and prejudice for the procedural default and that a fundamental miscarriage of justice will result if the Court declines to consider the claim. He also argues he is entitled to an evidentiary hearing on the newly discovered evidence. The Court need not address the issues regarding procedural default or whether an evidentiary hearing is appropriate because Mr. Jones may not raise a free-standing claim of actual innocence in this habeas corpus action.

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Id.*

Mr. Jones apparently seeks to link the newly discovered evidence to a constitutional due process claim because buried in both the application and his reply to

5

the Pre-Answer Response are assertions that admission of the bite-mark evidence rendered his trial fundamentally unfair in violation of due process. See Docket No. 1 at 41; Docket No. 24 at 31-32, 40-41. However, Mr. Jones does not identify any particular constitutional error with respect to the bite-mark evidence introduced at his trial and it is apparent that the asserted fundamental unfairness is premised solely on consideration of the newly discovered evidence. As a result, he fails to present a separate and independent due process claim that implicates the validity of his sexual assault conviction. See Allen v. Beck, 179 F. App'x 548, 550-51 (10th Cir. 2006) (concluding that freestanding claim of actual innocence, i.e., when newly discovered evidence is the claim itself rather than the factual basis for an independent constitutional violation, is not cognizable in a habeas corpus case).

Furthermore, the record before the Court does not indicate that Mr. Jones fairly presented to the state courts a separate and independent due process claim challenging admission of the bite-mark evidence. Instead, the due process argument was raised as an issue in support of a request for a new trial in Mr. Jones' supplemental Rule 35(c) motion filed in 2012. See Docket No. 24 at 144-63. The issue similarly was raised in the context of a request for a new trial based on newly discovered evidence on appeal from the denial of the Rule 35(c) motion. See Docket No. 10-10 at 42-46. However, the question of whether a new trial should be granted on the basis of newly discovered evidence is a matter of state law, see Herrera, 506 U.S. at 408 ("[t]he Constitution itself, of course, makes no mention of new trials"), and matters of state law may not be reviewed in a federal habeas corpus action. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t

is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States").

For these reasons, the Court concludes that claim 3(a) is a free-standing claim of actual innocence that may not be raised in this habeas corpus action and must be dismissed. See *Herrera*, 506 U.S. at 400.

## III.  CLAIM 5

As noted above, Respondents do not argue that Mr. Jones failed to exhaust state remedies for claim 5 to the extent he argues counsel was ineffective by failing to challenge his prior convictions. However, Respondents maintain that claim 5 is not cognizable to the extent Mr. Jones seeks to directly challenge the prior convictions.

Respondents are correct that a federal habeas petitioner generally may not challenge the validity of a prior conviction used to enhance a current sentence.

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 403-04 (2001) (citation omitted). There are two exceptions to this general rule. First, the general rule does not apply to "§ 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained when there was a failure to

7

appoint counsel in violation of the Sixth Amendment." *Id.* at 404. The second exception applies to "cases in which a petitioner has, through no fault of his own, no means of obtaining timely review of a constitutional claim." *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (internal quotation marks omitted). Examples of the second exception include a state court refusing without justification to rule on a properly presented constitutional claim and a defendant who obtains compelling evidence of actual innocence after the time for direct or collateral review has expired that could not have been uncovered in a timely manner. *See Lackawanna*, 532 U.S. at 405. It is important to note that the actual innocence example refers to actual innocence with respect to the prior conviction sought to be challenged. Thus, Mr. Jones' claim in the application that he is actually innocent of sexual assault in case number 97CR873 is not relevant in this context.

     Mr. Jones does not argue that there was a failure to appoint counsel in either of the prior cases he seeks to challenge. Instead, he seeks to invoke the second exception. He specifically contends he did not have a full and fair opportunity to attack the constitutionality of his prior convictions in state court because he was denied an evidentiary hearing to prove actual innocence, he was denied an evidentiary hearing to prove counsel in the prior cases was ineffective, he was barred by an unconstitutional state statute from seeking postconviction relief in the prior cases, inordinate delay in resolving his direct appeal in one of the prior cases prevented him from challenging that conviction in a federal habeas action, and counsel was ineffective in each of his prior cases. *See* Docket No. 1-1 at 27, Document No. 1-2 at 32-33; Docket No. 26 at 16. Mr.

Jones also asserts actual innocence premised on a defense of self-defense that was not raised with respect to one of the prior convictions. *See* Docket No. 1-2 at 17-27.

The Court is not persuaded that the second exception to the general rule in *Lackawanna* is applicable because Mr. Jones fails to demonstrate either that the state court refused without justification to rule on a properly presented constitutional claim or that he has obtained compelling evidence of actual innocence that could not have been uncovered in a timely manner. *See Lackawanna*, 532 U.S. at 405. First, the alleged denials of an evidentiary hearing and his contention that counsel in his prior cases was ineffective do not demonstrate the state court unjustifiably refused to rule on a constitutional claim. Second, to the extent Mr. Jones argues he was barred by an unconstitutional state statute from seeking postconviction relief in the prior cases, he fails to demonstrate he was prevented from challenging the allegedly unconstitutional state statute or challenging the prior convictions during the five-year grace period after the effective date of the relevant state statute in 1984. *See People v. Fagerholm*, 768 P.2d 689, 693 (Colo. 1989); *see also People v. Stephens*, 837 P.2d 231, 236 (Colo. App. 1992) (the announcement of *Fagerholm* created a present need for a defendant whose conviction pre-dated the statute's effective date to collaterally attack the prior conviction during the five-year grace period). Third, Mr. Jones fails to demonstrate the alleged inordinate delay in considering his direct appeal prevented him from challenging the prior convictions in state court. Finally, Mr. Jones' actual innocence argument premised on self-defense is foreclosed because self-defense does not demonstrate factual innocence. *See Black v. Workman*, 682 F.3d 880, 915 (10th Cir. 2012).

In addition, Mr. Jones fails to demonstrate he has exhausted state remedies for his claims challenging the validity of the enhanced sentences he currently is serving and "[c]rucial to the *Lackawanna* exceptions is the requirement that '[a]s with any § 2254 petition,' a petitioner seeking to invoke the exceptions 'must satisfy the procedural prerequisites for relief[,] including, for example, exhaustion of remedies.'" *McCormick*, 572 F.3d at 851 (quoting *Lackawanna*, 532 U.S. at 404) (alterations in original). Mr. Jones alleges only that he exhausted the claims challenging the validity of his prior convictions by raising them in postconviction proceedings pertinent to his conviction and sentence in case number 89CR3639. *See* Docket No. 1-1 at 26. In the instant action, Mr. Jones is challenging the validity of his conviction and sentence in case number 97CR873. Therefore, whatever claims he may have raised in state court postconviction proceedings pertinent to case number 89CR3639 did not exhaust state remedies for claims challenging case number 97CR873. As a result, Mr. Jones fails to satisfy his burden of demonstrating he has exhausted state remedies with respect to case number 97CR873. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (noting that a state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies).

## IV. CONCLUSION

In summary, Respondents do not raise the one-year limitation period as an affirmative defense and Respondents concede that claims 1, 2, 4, 6, and the ineffective assistance of counsel portion of claim 5 are exhausted. The Court will not dismiss claim 3(b) as procedurally barred. However, claim 3(a) and the portion of claim 5 in which Mr.

Jones seeks to directly challenge the validity of his prior convictions are not cognizable in this action and will be dismissed. Accordingly, it is

**ORDERED** that the Motion for Expansion of the Record [Docket No. 27] is GRANTED and the prior unsigned Motion for Expansion of the Record [Docket No. 18] is DENIED as moot. It is further

**ORDERED** that claim 3(a) and the portion of claim 5 in which Applicant seeks to directly challenge the validity of prior convictions are dismissed because those claims are not cognizable in this action. It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims. It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED July 5, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Court