IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-03048-PAB

BERNARD JONES,

      Applicant,

v.

LOU ARCHULETA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

Applicant Bernard Jones is a prisoner in the custody of the Colorado Department

of Corrections.   Mr. Jones has filed *pro se* on December 12, 2016 an Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("the Application") [Docket No. 1].

Mr. Jones is challenging the validity of his conviction and sentence in the District Court for

El Paso County, Colorado, Case Number 97CR873.   On August 28, 2017, Respondents

filed an Answer ("the Answer") [Docket No. 33].   On February 5, 2018, Mr. Jones filed a

Reply Brief ("the Traverse") [Docket No. 47].

Mr. Jones also has filed a Motion for Discovery and Evidentiary Hearing [Docket

No. 45] with a supporting memorandum of law, a Motion for Appointment of Counsel

[Docket No. 44], and a motion [Docket No. 51] seeking leave to proceed *in forma pauperis*

in connection with the motion for appointment of counsel.   The Motion for Discovery and

Evidentiary Hearing is relevant to claim 3(b) and will be denied for the reasons discussed

below in connection with that claim.   The motions for appointment of counsel and for

leave to proceed *in forma pauperis* also will be denied.

After reviewing the record, including the Application, the Answer, the Traverse, and the state court record, the Court concludes Mr. Jones is not entitled to relief on his remaining claims.

## I. BACKGROUND

The relevant factual and procedural background, which is lengthy and convoluted, was summarized by the Colorado Court of Appeals as follows:

> A jury convicted Jones of first degree sexual assault and possession with intent to distribute a controlled substance. The trial court found that Jones was a habitual offender and sentenced him to sixty-four years in prison on the sexual assault conviction and ninety-six years in prison on the controlled substance conviction. Jones's convictions were affirmed on direct appeal. *People v. Jones*, (Colo. App. No. 98CA0146, Jan. 13, 2000) (not published pursuant to C.A.R. 35(f)).
>
> Jones then filed a pro se Crim. P. 35(c) motion alleging ineffective assistance of trial counsel. The trial court summarily denied the motion. Jones appealed, and a division of this court remanded the case for an evidentiary hearing on the ineffective assistance of trial counsel related to three issues: (1) evidence of the victim's gang affiliation; (2) the use of the victim's juvenile adjudication to show motive or bias; and (3) the testing of Jones's dental moldings. *People v. Jones*, (Colo. App. No. 01CA1118, Apr. 17, 2003) (not published pursuant to C.A.R. 35(f)).
>
> In 2006, the trial court held an evidentiary hearing, which was later reconvened and completed in 2012. On the date of the final hearing, Jones filed a supplemental Crim. P. 35(c) motion based on alleged newly discovered evidence. In a detailed and well-reasoned order, the trial court denied the Rule 35(c) motions and declined to hear evidence on the supplemental motion.

Docket No. 10-12 at 2-3.

Mr. Jones contends he and the victim had consensual sex and denies any intent to distribute a controlled substance.   He asserts the following claims: ineffective assistance of trial counsel by failing to obtain and present evidence of the victim's gang affiliation (claim 1); ineffective assistance of trial counsel by failing to present evidence of the victim's juvenile adjudication (claim 2); the trial court erred during postconviction proceedings by not considering expert testimony regarding newly discovered evidence that a bite mark on the victim was inconsistent with defendant's dentition (claim 3(a)) and trial counsel were ineffective by failing to have the bite mark tested (claim 3(b)); trial counsel labored under a conflict of interest (claim 4); ineffective assistance of trial counsel by failing to challenge the validity of Mr. Jones' prior convictions (claim 5); and vindictive prosecution by punishing Mr. Jones for exercising his constitutional rights (claim 6). Facts pertinent to each claim are set forth below.

The Court previously entered an Order [Docket No. 28] dismissing claim 3(a) and the portion of claim 5 in which Mr. Jones seeks to directly challenge the validity of his prior convictions.

## II.  STANDARD OF REVIEW

The Court must construe the Application and other papers filed by Mr. Jones liberally because he is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   *See* Hall, 935 F.2d at 1110.

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state

3

court adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   Mr. Jones bears the burden of proof under § 2254(d).   *See*

*Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

A claim may be adjudicated on the merits in state court even in the absence of a statement of reasons by the state court for rejecting the claim.   *See Harrington v. Richter*, 562 U.S. 86, 98-99 (2011).   In particular, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."   *Id.* at 98.   Thus, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."   *Id.* at 99. Even "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."   *Id.* at 98.   In other words, the Court "owe[s] deference to the state court's result, even if its reasoning is not expressly stated."   *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).   Therefore, the Court "must uphold the state court's summary decision unless [the Court's] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies

clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

The threshold question the Court must answer under § 2254(d)(1) is whether Mr. Jones seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state‑court decision." *Id.* at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id.* at 1018.

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th

> Cir. 2006)] (internal quotation marks and brackets omitted)
> (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is
> commonly understood to mean 'diametrically different,'
> 'opposite in character or nature,' or 'mutually opposed.'"
> *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable
> application of clearly established federal law when it identifies
> the correct governing legal rule from Supreme Court cases,
> but unreasonably applies it to the facts. *Id.* at 407‑08.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an

objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not

issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or

incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A]

decision is 'objectively unreasonable' when most reasonable jurists exercising their

independent judgment would conclude the state court misapplied Supreme Court law."

*Maynard*, 468 F.3d at 671. Furthermore,

> [E]valuating whether a rule application was unreasonable
> requires considering the rule's specificity. The more general
> the rule, the more leeway courts have in reaching outcomes in
> case-by-case determinations. [I]t is not an unreasonable
> application of clearly established Federal law for a state court
> to decline to apply a specific legal rule that has not been
> squarely established by [the Supreme] Court.

*Richter*, 562 U.S. at 101 (internal quotation marks and citation omitted). In conducting

this analysis, the Court "must determine what arguments or theories supported or . . .

could have supported[] the state court's decision" and then "ask whether it is possible

fairminded jurists could disagree that those arguments or theories are inconsistent with

the holding in a prior decision of [the Supreme] Court." *Id.* at 102. In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 562 U.S. at 102 (stating "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 562 U.S. at 103.

Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. Pursuant to § 2254(e)(1), the Court presumes the state court's factual determinations are correct and Mr. Jones bears the burden of rebutting the presumption by clear and convincing evidence. The presumption of correctness applies to factual findings of the trial court as well as state appellate courts. *See Al-Yousif v. Trani*, 779 F.3d 1173, 1181 (10th Cir. 2015). The presumption of correctness also applies to implicit factual findings. *See Ellis v. Raemisch*, 872 F.3d 1064, 1071 n.2 (10th Cir. 2017). "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, the Court's analysis is not complete even if Mr. Jones demonstrates the existence of a constitutional violation. "Unless the error is a structural defect in the trial that defies harmless-error analysis, [the Court] must apply the harmless error standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993)." *Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006); *see also Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015) ("For reasons of finality, comity, and federalism, habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice.") (internal quotation marks omitted); *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (providing that a federal court must conduct harmless error analysis under *Brecht* any time it finds constitutional error in a state court proceeding regardless of whether the state court found error or conducted harmless error review). Under *Brecht*, a constitutional error does not warrant habeas relief unless the Court concludes it "had substantial and injurious effect" on the jury's verdict. *Brecht*, 507 U.S. at 637. "A 'substantial and injurious effect' exists when the court finds itself in 'grave doubt' about the effect of the error on the jury's verdict." *Bland*, 459 F.3d at 1009 (citing *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995)). "Grave doubt" exists when "the matter is so evenly balanced that [the Court is] in virtual equipoise as to the harmlessness of the error." *O'Neal*, 513 U.S. at 435. The Court makes this harmless error determination based upon a review of the entire state court record. *See Herrera v. Lemaster*, 225 F.3d 1176, 1179 (10th Cir. 2000). Notably, however, a second prejudice inquiry under *Brecht* is unnecessary in the context of an ineffective assistance of counsel claim in which prejudice under *Strickland* is shown. *See Byrd v. Workman*, 645 F.3d 1159, 1167 n.9 (10th Cir. 2011).

If a claim was not adjudicated on the merits in state court, and if the claim also is

not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

## III. MERITS OF APPLICANT'S REMAINING CLAIMS

### A. Claim 1

Mr. Jones contends in claim 1 that trial counsel were ineffective by failing to obtain and present evidence of the victim's gang affiliation. The Colorado Court of Appeals accurately described the factual basis for this claim and the trial court's reasons for rejecting the claim as follows:

> Jones argues that his trial counsel were ineffective because they failed to obtain evidence of the victim's gang affiliation, which would have provided the jury with her motive to lie. Jones asserts that the victim fabricated the sexual assault allegation in order to avoid retaliation from her gang, the Four Corner Hustlers, for having sex with a non-member. Jones also claims that after he had consensual sex with the victim, a fellow gang member beat her up and bit her in retaliation.
>
> The trial court rejected this argument, finding (1) trial counsel's testimony credible that he attempted to obtain information concerning the victim's gang affiliation and no evidence was presented that he was deficient in these attempts; (2) no credible evidence was presented that the victim was in fact a gang member; (3) trial counsel made a reasonable strategic decision not to pursue the victim's gang affiliation because it could have backfired and harmed Jones's case; and (4) Jones's theory is not credible because the person he asserts bit the victim was not even a member of the Four Corner Hustlers.

Docket No. 10-12 at 5.

Mr. Jones concedes that counsel investigated whether the victim was a gang member and twice moved for a continuance to complete the investigation. The trial court

denied the motions. Mr. Jones contends "[t]he denial of [counsel's] request for a continuance of the trial prevented him from completing his investigation to secure the testimony of a gang expert to support his theory of defense." Docket No. 1 at 14. With respect to prejudice, Mr. Jones maintains that the victim

> was the key witness in the case at bar, and there could have been no sexual assault charge without her testimony. She was also the only witness that claimed to have actually witnessed Mr. Jones distribute powdered cocaine during the party (which supported the drug distribution charge instead of the lesser included charge of simple possession charge). Thus, a direct attack on [the victim's] credibility would have changed the outcome of the jury's verdict of guilt on both charges once the jury was provided with her motive for testifying falsely against Mr. Jones as a direct result of her fear of gang retaliation.

Docket No. 1 at 15.

It was clearly established at the time of Mr. Jones' conviction that a defendant in a criminal case has a Sixth Amendment right to the effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Ineffective assistance of counsel claims are mixed questions of law and fact. *See id.* at 698.

To establish counsel was ineffective, Mr. Jones must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *See id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id.* It is Mr. Jones' burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.* "For counsel's performance to be constitutionally ineffective, it

must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Under the prejudice prong, Mr. Jones must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Richter*, 562 U.S. at 112 (stating that "[t]he likelihood of a different result must be substantial, not just conceivable."). In determining whether Mr. Jones has established prejudice, the Court must look at the totality of the evidence and not just the evidence that is helpful to Mr. Jones. *See Boyd*, 179 F.3d at 914.

If Mr. Jones fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed. *See Strickland*, 466 U.S. at 697. Furthermore, conclusory allegations that counsel was ineffective are not sufficient to warrant habeas relief. *See Humphreys v. Gibson*, 261 F.3d 1016, 1022 n.2 (10th Cir. 2001). Finally, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The Colorado Court of Appeals applied the two-part *Strickland* test and rejected Mr. Jones' claim that counsel were ineffective by failing to obtain and present evidence of the victim's gang affiliation:

> The trial court's factual findings are supported by the record. Trial counsel made reasonable attempts to investigate the victim's gang affiliation, including twice requesting a continuance of the trial in order to pursue further investigation. Even Jones's expert witness on ineffective assistance of counsel testified that after counsel's requests

for a continuance were denied, there was nothing more they could have done with respect to this issue.

The record reveals that trial counsel could also have reasonably decided not to pursue this strategy in order to avoid testimony about gang affiliation and gang culture that could have potentially harmed Jones's case. Counsel testified that presenting evidence of the victim's gang affiliation could have opened the door to testimony about Jones's possible gang affiliation. Therefore, the trial court did not err in finding that trial counsel's performance was not deficient in failing to investigate and present evidence of the victim's gang affiliation.

Even if counsel's performance was deficient, Jones has not established prejudice. Jones's expert witness testified that he "[could] not say" that the outcome of the proceedings would have been different had trial counsel further developed the gang affiliation testimony. In addition, no conclusive evidence was presented regarding the victim's gang affiliation, and Jones has not shown that the trial court would have even admitted this evidence had it been discovered. *See People v. James*, 117 P.3d 91, 91 (Colo. App. 2004) (stating that while gang affiliation may be admissible, the trial court has broad discretion in determining its relevance, probative value, and potential of unfair prejudice). Thus, Jones has not established that counsel were ineffective as to this issue.

Docket No. 10-12 at 5-7 (brackets in original).

Mr. Jones fails to demonstrate the state court's decision with respect to claim 1 is contrary to *Strickland* under § 2254(d)(1). Instead, he argues the state court's decision is contrary to clearly established federal law in *Powell v. Alabama*, 287 U.S. 45 (1932). However, *Powell* does not establish any clearly established federal law applicable to claim 1. As noted above, "clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*." *House*, 527 F.3d at 1016. *Powell* addressed a failure to appoint counsel as a violation of

due process and did not involve an ineffective assistance of counsel claim premised on factual allegations that appointed counsel failed to conduct an adequate investigation. *See Powell*, 287 U.S. at 50. Therefore, *Powell* is not applicable to the Court's review under § 2254(d)(1).

Mr. Jones also argues that the state court's ruling with respect to claim 1 is based on an unreasonable determination of the facts under § 2254(d)(2) and an unreasonable application of *Strickland* under § 2254(d)(1) because the victim was the main witness against him, he presented evidence at the postconviction hearing that the victim was a gang member, evidence that the victim was a gang member was available at the time of trial, trial counsel never made a strategic decision not to present evidence of the victim's gang affiliation, and evidence of the victim's gang affiliation was admissible. The Court is not persuaded.

With respect to the deficient performance prong, Mr. Jones does not dispute that counsel investigated the victim's gang affiliation and sought two continuances to conduct further investigation. It was not unreasonable to conclude that these efforts were reasonable and do not establish deficient performance under *Strickland*. It also was not unreasonable to conclude that counsel reasonably could have made a strategic decision not to pursue the issue of the victim's alleged gang affiliation in order to avoid opening the door to testimony that potentially could harm the defense case. Counsel's strategic choices "made after thorough investigation . . . are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

With respect to the prejudice prong, Mr. Jones again fails to demonstrate the state

court's decision was based on an unreasonable determination of the facts in light of the evidence presented or an unreasonable application of *Strickland*. Mr. Jones does not present any clear and convincing evidence to overcome the presumption of correctness that attaches to the factual determinations that Mr. Jones' expert witness could not say there was a reasonable probability the outcome of the proceedings would have been different and that no conclusive evidence was presented regarding the victim's gang affiliation. *See* 28 U.S.C. § 2254(e)(1). Mr. Jones also fails to demonstrate the trial court would have admitted evidence of the victim's gang affiliation if it had been discovered. As a result, it was not unreasonable to conclude Mr. Jones failed to demonstrate a substantial likelihood of a different result. *See Richter*, 562 U.S. at 112 (to establish prejudice under *Strickland*, "[t]he likelihood of a different result must be substantial, not just conceivable."); *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) ("mere speculation is not sufficient" to demonstrate prejudice under *Strickland*).

Ultimately, Mr. Jones is not entitled to relief with respect to claim 1 because he fails to demonstrate the state court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

## B. <u>Claim 2</u>

Mr. Jones contends in claim 2 that trial counsel were ineffective by failing to present evidence of the victim's juvenile adjudication for conspiracy to commit theft in order to impeach her testimony. According to Mr. Jones, the victim's juvenile case was pending at the time she testified at his preliminary hearing and she received a favorable

plea deal four days later. Mr. Jones specifically contends counsel were ineffective

because state law permits the use of a juvenile adjudication if it is probative of truthfulness

or untruthfulness and federal law entitles him to present evidence of motive and bias.

The Colorado Court of Appeals discussed this claim as follows:

> Jones argues that his trial counsel were ineffective because they failed to impeach the victim with her juvenile adjudication.
>
> A juvenile adjudication is not a felony conviction and the mere fact that it exists cannot be used to impeach a witness's credibility. *People v. D'Apice*, 735 P.2d 882, 883 (Colo. App. 1986). But a witness may be cross-examined about specific instances of conduct surrounding a juvenile adjudication that are probative of the witness's character for truthfulness or untruthfulness. CRE 608(b); *see, e.g.*, *People v. Corson*, 2013 COA 4, ¶ 20 ("[A] prior juvenile adjudication *for false reporting* may be used to elicit character for untruthfulness.") (*cert. granted* Nov. 12, 2013). Theft is a specific instance of conduct that is probative of untruthfulness. *People v. Segovia*, 196 P.3d 1126, 1132 (Colo. 2008). However, the trial court still has discretion to exclude the evidence for other reasons. *Id.* In addition, a pending juvenile adjudication may be admissible to show motive, bias, prejudice, motivation for testifying, or hope for leniency in the juvenile proceeding. *Corson*, ¶ 19.
>
> The trial court found that trial counsel were not deficient as to this issue because (1) the victim was not on probation at the time of her testimony; (2) there is no evidence to suggest that the victim received a favorable disposition in exchange for her testimony in this case; and (3) choosing not to impeach the victim about her juvenile delinquency record was a reasonable strategic decision.
>
> Evidence of the victim's juvenile adjudication for conspiracy to commit theft could not have been used to impeach her credibility by the mere fact that it existed. Nor could it have been used to show motive, bias, prejudice, motivation for testifying, or hope for leniency in the juvenile proceeding because it was not pending at the time of Jones's

trial. Trial counsel could, however, have attempted to impeach the victim with the juvenile adjudication in order to show her character for untruthfulness. But Jones's counsel testified that impeaching the victim on a juvenile adjudication could have backfired because it would have highlighted the large age difference between her and Jones. It also may have been unpopular with the jury due to the possible appearance, according to counsel, that they were "taking on a teenager for doing . . . teenage things." This is a reasonable strategic choice, and the trial court did not err in finding that counsel's performance was not deficient.

To the extent that Jones argues the victim received a favorable disposition in her juvenile case in exchange for her testimony, we reject this argument. The trial court found that the disposition was not unusual, and this finding has record support.

Moreover, Jones has failed to establish prejudice. His expert witness acknowledged that the trial court likely would not have allowed the impeachment. Even had the impeachment been allowed, Jones has not shown that the outcome of the trial would have been different.

Docket No. 10-12 at 7-9 (footnote omitted).

Mr. Jones first argues the state court's decision that defense counsel could not use evidence of the victim's juvenile adjudication to demonstrate motive or bias is contrary to clearly established federal law under the Confrontation Clause. However, claim 2 is not a Confrontation Clause claim and Mr. Jones does not identify any materially indistinguishable Supreme Court decision that would compel a different result under *Strickland*. *See House*, 527 F.3d at 1018. Therefore, he is not entitled to relief with respect to claim 2 under the "contrary to" clause of § 2254(d)(1).

Mr. Jones also fails to demonstrate the state court's ruling regarding deficient performance was based on an unreasonable determination of the facts in light of the

evidence presented to the state court under § 2254(d)(2) or an unreasonable application of *Strickland* under § 2254(d)(1).   The state courts recognized that evidence of a pending juvenile adjudication may be relevant to motive or bias, but reasonably concluded counsel was not ineffective for not introducing such evidence for that purpose because the victim's juvenile adjudication was not pending at the time Mr. Jones was tried.   Mr. Jones does not present any clear and convincing evidence to overcome the presumption of correctness regarding the factual finding that the juvenile proceedings were not pending at the time he was tried.   *See* 28 U.S.C. § 2254(e)(1).   Mr. Jones also fails to present any clear and convincing evidence to overcome the presumption of correctness regarding the factual determination that the disposition in the victim's juvenile case was not unusual.   *See id.*   Finally, it was not unreasonable to conclude counsel made a reasonable strategic determination not to impeach the victim with evidence of her juvenile adjudication because it could have been unpopular with the jury or even backfired by highlighting the large age difference between the victim and Mr. Jones.   The Court reiterates that strategic choices made by counsel "after thorough investigation . . . are virtually unchallengeable."   *Strickland*, 466 U.S. at 690.

Mr. Jones is not entitled to relief with respect to claim 2 because he fails to demonstrate the state court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."   *Richter*, 562 U.S. at 103.

### C.   Claim 3(b)

Mr. Jones contends in claim 3(b) that trial counsel were ineffective by failing to

have a bite mark on the victim's cheek tested.   The victim testified she was bitten by Mr.

Jones during the sexual assault.   A prosecution expert examined dental moldings and

imprints obtained from Mr. Jones and testified that this evidence was consistent with the

bite mark on the victim's cheek.   At the time Mr. Jones was tried, the prosecution expert's

"consistent with" conclusion was the lowest level of certainty for a possible match.   Mr.

Jones denies biting the victim and the defense did not call its own expert.

The Colorado Court of Appeals applied the two-part *Strickland* test and rejected

this ineffective assistance of counsel claim for the following reasons:

> A decision regarding whether to call an expert witness
> is a strategic choice within the discretion of trial counsel.   *See
> People v. Aguilar*, 2012 COA 181, ¶ 12; *People v. Bradley*, 25
> P.3d 1271, 1276 (Colo. App. 2001).   Even where expert
> testimony would have supported the defense, defense
> counsel may still choose not to introduce that testimony.   *See
> Harrington v. Richter*, 562 U.S. 86, 107-08 (2011).   While
> strategic choices made after thorough investigation are
> "virtually unchallengeable," strategic choices made after less
> than thorough investigation are reasonable to the extent that
> the limitations on investigation are supported by reasonable
> professional judgments.   *Ardolino*, 69 P.3d at 76.
>
> The trial court found that Jones's trial counsel were not
> deficient in (1) waiting for the prosecution's expert report
> before deciding whether to conduct their own testing and (2)
> deciding to attack the weakness in the prosecution's expert's
> conclusion rather than calling another expert.
>
> The record supports the trial court's finding that
> Jones's trial counsel conducted a reasonable investigation of
> the bite mark evidence.   They consulted an odontologist in
> advance of trial and reasonably waited until receiving the
> prosecution's expert's report before deciding whether to
> conduct their own testing.   Trial counsel tried, albeit
> unsuccessfully, to give their expert more time to conduct
> testing and form an opinion by twice requesting a
> continuance.   The trial court's second denial of counsel's

motion to continue effectively tied counsel's hands in their ability to complete testing prior to trial.

In addition, counsel testified that their expert was unable to exclude Jones as the source of the bite mark, and thus would not have been able to offer a different conclusion than the prosecution's expert. Thereafter, counsel made the strategic decision to attack the prosecution's expert's characterization of Jones's dental impression as "consistent" with the bite mark on the victim's cheek. At the time of the trial, this was one of the lowest levels of certainty for bite mark comparisons. Counsel successfully elicited testimony that the bite "may or may not" have been caused by Jones.

Considering the circumstances of this case, counsel's decision to attack the weakness of the prosecution's expert's conclusion was reasonable. Jones's expert witness testified that after the trial court denied counsel's requests for a continuance, there was nothing more they could have done with respect to this issue. Therefore, counsel's performance was not deficient.

In addition, Jones has failed to establish prejudice. He has not shown that had the defense expert completed his testing, he would have come to a favorable conclusion that would have ultimately changed the outcome of the proceedings. His expert witness testified that he "[could] not say" that the outcome of the proceedings would have been different had trial counsel further developed the bite mark evidence. Therefore, Jones has failed to show that counsel were ineffective in failing to test the bite mark evidence.

Docket No. 10-12 at 10-13 (footnote omitted, brackets in original).

Mr. Jones does not argue the state court applied law that contradicts *Strickland* and he fails to identify any materially indistinguishable Supreme Court decision that would compel a different result. *See House*, 527 F.3d at 1018. Therefore, he is not entitled to relief with respect to claim 3(b) under the "contrary to" clause of § 2254(d)(1).

Mr. Jones also fails to demonstrate the state court's ruling regarding deficient

performance in connection with claim 3(b) was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2) or an unreasonable application of *Strickland* under § 2254(d)(1).   It was not unreasonable to wait for the prosecution expert's report before determining whether defense testing was necessary or appropriate.   In addition, Mr. Jones does not present any clear and convincing evidence to overcome the presumption of correctness that attaches to the factual determinations that counsel did consult an expert regarding the bite mark evidence after receiving the prosecution expert's report, counsel sought additional time to conduct defense testing after receiving the prosecution expert's report, the prosecution expert's "consistent with" conclusion was the lowest level of certainty regarding a possible match at the time of his trial, the defense expert could not exclude Mr. Jones as the source of the bite mark, and counsel made a strategic choice to seek to discredit the prosecution's expert rather than present a defense expert.   *See* 28 U.S.C. § 2254(e)(1).   Given these facts, it was not unreasonable to conclude counsel's performance was not deficient.   Once again, strategic choices made by counsel "after thorough investigation . . . are virtually unchallengeable."   *Strickland*, 466 U.S. at 690.   Mr. Jones' arguments regarding newly discovered evidence and advances in forensic odontology ten or fifteen years after the fact are not relevant to whether counsel's performance was deficient prior to and during trial.

Mr. Jones also fails to demonstrate the state court's resolution of the prejudice prong with respect to claim 3(b) was based on an unreasonable determination of the facts or an unreasonable application of *Strickland*.   His own expert could not testify

unequivocally at the postconviction hearing that the prejudice prong under *Strickland* had been met.   As a result, it was not unreasonable to conclude Mr. Jones failed to demonstrate a substantial likelihood of a different result.   *See Richter*, 562 U.S. at 112 (to establish prejudice under *Strickland*, "[t]he likelihood of a different result must be substantial, not just conceivable."); *Byrd*, 645 F.3d at 1168 ("mere speculation is not sufficient" to demonstrate prejudice under *Strickland*).

Finally, as noted above, Mr. Jones has filed a Motion for Discovery and Evidentiary Hearing [Docket No. 45] pertinent to claim 3(b).   In particular, Mr. Jones seeks discovery and an evidentiary hearing that he believes will demonstrate conclusively through new testing of the bite mark evidence that he did not bite the victim.   According to Mr. Jones, his "attorneys have repeatedly and diligently attempted to have the bite mark evidence tested during the post-conviction proceedings to prove prejudice under the *Strickland* test."   Docket No. 45 at 10.

The Motion for Discovery and Evidentiary Hearing will be denied for three reasons. First, to the extent the motion supports a claim of actual innocence, the Court already dismissed that claim in an Order [Docket No. 28] entered on July 5, 2017.   Second, with respect to the ineffective assistance of counsel argument in claim 3(b), "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."   *Cullen*, 563 U.S. at 181.   Therefore, the Court must limit its review of claim 3(b) to the evidence presented to the state courts in the postconviction proceedings.   Third, even assuming the evidence Mr. Jones seeks to discover and present could undermine the Court's resolution of the prejudice prong, the evidence does

not undermine Court's conclusion that the state court reasonably rejected claim 3(b) on the deficient performance prong.

Ultimately, Mr. Jones is not entitled to relief with respect to claim 3(b) because he fails to demonstrate the state court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

### D. <u>Claim 4</u>

Mr. Jones contends in claim 4 that he received ineffective assistance of counsel because trial counsel labored under a conflict of interest. More specifically, he contends he was represented at trial by counsel from the public defender's office even though counsel from the public defender's office also represented him in his prior cases that served as the basis for potential impeachment and the habitual criminal counts. Mr. Jones concedes that alternate defense counsel was appointed to represent him during the habitual criminal proceedings. However, he contends his decision on whether to testify at trial was impacted by uncertainty regarding the legality of his prior convictions and his uncertainty could not be resolved while he was represented by counsel from the public defender's office.

"In the normal course, defendants claiming ineffective assistance of counsel must satisfy the familiar framework of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires a showing that 'counsel's performance was deficient' and 'that the deficient performance prejudiced the defense.'" *Woods v. Donald*, 135 S. Ct. 1372, 1375 (2015) (per curiam). A different analysis applies and prejudice is presumed "if the

defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected [counsel's] performance.'" *Strickland*, 466 U.S. at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350 (1980)).   Under *Cuyler*, "the possibility of conflict is insufficient to impugn a criminal conviction."   *Cuyler*, 446 U.S. at 350.   "An actual conflict of interest exists only if counsel was forced to make choices advancing . . . interests to the detriment of his client."   *Workman v. Mullin*, 342 F.3d 1100, 1107 (10th Cir. 2003) (internal quotation marks omitted).   "Furthermore, the petitioner must be able to point to specific instances in the record that suggest his interests were damaged for the benefit of another party."   *Id.*   (internal quotation marks omitted).

The Court finds that claim 4 must be dismissed because the Supreme Court has not applied *Cuyler's* presumption of prejudice outside the context of defense counsel's concurrent representation of multiple defendants in the same criminal proceeding.   *See Mickens v. Taylor*, 535 U.S. 162, 175-76 (2002) (stating it is "an open question" whether the holding in *Cuyler* applies outside the context of concurrent representation of multiple defendants).   Because Mr. Jones's conflict of interest claim is not premised on concurrent representation of multiple defendants, there is no clearly established federal law to be applied under § 2254(d)(1).   *See Schwab v. Crosby*, 451 F.3d 1308, 1328 (11th Cir. 2006) (a decision that *Cuyler's* presumption of prejudice does not apply outside the context of concurrent multiple legal representation is not contrary to or an unreasonable application of clearly established federal law); *Smith v. Hofbauer*, 312 F.3d 809, 818 (6th Cir. 2002) (Petitioner's claim does not rest upon clearly established federal law because

*Cuyler* applies "only to joint representation and the Supreme Court has yet to extend [*Cuyler's*] reach to any other type of conflict.")   As noted above, the absence of clearly established federal law ends the Court's inquiry under § 2254(d)(1).   *See House*, 527 F.3d at 1018.

Mr. Jones argues his conflict of interest argument in claim 4 is not governed by *Cuyler* and that the relevant clearly established federal law is found in *Holloway v. Arkansas*, 435 U.S. 475 (1978).   The Court is not persuaded because *Holloway* also is a joint representation case.   *See id*. at 476-77.   Thus, *Holloway* also is not clearly established federal law with respect to the particular conflict issue Mr. Jones asserts in claim 4.

Mr. Jones also fails to demonstrate the resolution of his conflict of interest claim by the state courts was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2).   Therefore, Mr. Jones is not entitled to relief with respect to claim 4.

### E.   <u>Claim 5</u>

Mr. Jones contends in claim 5 that he received ineffective assistance of counsel during the habitual criminal proceedings because alternate defense counsel failed to challenge the validity of his prior convictions.   Mr. Jones contends in support of claim 5 that counsel erroneously determined any attempt to challenge the prior convictions was time-barred.   The Colorado Court of Appeals determined this ineffective assistance of counsel claim lacked merit because Mr. Jones could not demonstrate prejudice.   The state court specifically found an absence of prejudice under *Strickland* because "the

collateral attacks on defendant's prior convictions were timebarred under [Colorado state law], and defendant did not and cannot establish justifiable excuse or excusable neglect." Docket No. 10-7 at 8.

Mr. Jones does not argue the state court applied law that contradicts *Strickland* and he fails to identify any materially indistinguishable Supreme Court decision that would compel a different result. *See House*, 527 F.3d at 1018. Therefore, he is not entitled to relief with respect to claim 5 under the "contrary to" clause of § 2254(d)(1).

Mr. Jones also fails to demonstrate the state court's ruling regarding prejudice was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2) or an unreasonable application of *Strickland* under § 2254(d)(1). Mr. Jones concedes that any challenges to his prior convictions were time-barred under state law in the absence of a showing of justifiable excuse or excusable neglect and he fails to present clear and convincing evidence to overcome the presumption of correctness that attaches to the factual determination that he failed to demonstrate either justifiable excuse or excusable neglect. *See Lankford v. Novac*, 7 F. App'x 867, 868 (10th Cir. 2001) ("Whether a defendant has demonstrated 'justifiable excuse or excusable neglect' is a factual matter determined in accordance with state law . . . ."). In light of this presumptively correct factual determination, it was not unreasonable to conclude he could not establish prejudice under *Strickland*.

Ultimately, Mr. Jones is not entitled to relief with respect to claim 5 because he fails to demonstrate the state court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

disagreement." *Richter*, 562 U.S. at 103.

**F.  Claim 6**

Mr. Jones contends in claim 6 that his constitutional rights were violated because he was subjected to a vindictive prosecution.   Mr. Jones specifically contends he was punished for exercising his constitutional rights in a prior case in which he argued the prosecution had breached a plea agreement.   According to Mr. Jones, the prosecutor who tried his case, Gordon Denison, had secured a conviction against Mr. Jones in a prior case through a plea agreement and, after Mr. Jones successfully moved to vacate that conviction, Mr. Denison took over the instant case that originally was assigned to another prosecutor and filed habitual criminal charges in order to make sure Mr. Jones spends the rest of his life in prison.

Clearly established federal law in the context of vindictive prosecutions provides that:

> [t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional.

*Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (internal citation and quotation marks omitted).   Certain circumstances give rise to a presumption that the prosecutor or sentencing judge acted with unconstitutional vindictiveness in charging or sentencing a criminal defendant.   *See North Carolina v. Pearce*, 395 U.S. 711, 725 (1969) (holding that due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new

trial"); *Blackledge v. Perry*, 417 U.S. 21, 27 (1974) (holding there was a "realistic likelihood of vindictiveness" when a prosecutor reindicted a convicted misdemeant on a felony charge after the defendant invoked an appellate remedy).   However, there is no clearly established federal law applying a presumption of vindictiveness to charging decisions made before trial.   *See United States v. Goodwin*, 457 U.S. 368, 380-84 (1982) (holding that presumption of prosecutorial vindictiveness is not warranted where the prosecutor brought a felony charge in place of the original misdemeanor charges after defendant requested a jury trial); *Bordenkircher*, 434 U.S. at 363-65 (holding there was no due process violation when the prosecutor carried out a threat, made during plea negotiations, to bring additional charges if the defendant refused to plead guilty to the original charges).   Absent a presumption of vindictiveness a defendant must affirmatively prove actual vindictiveness.   *Wasman v. United States*, 468 U.S. 559, 569 (1984).

The Colorado Court of Appeals rejected Mr. Jones' vindictive prosecution claim because "the record does not support defendant's claim of vindictiveness [and] [t]here is no evidence that defendant's constitutional rights were chilled by a threat made by the prosecution."   Docket No. 10-7 at 21.

Mr. Jones does not argue the state court applied law that contradicts the clearly established federal law regarding vindictive prosecutions and he fails to identify any materially indistinguishable Supreme Court decision that would compel a different result. *See House*, 527 F.3d at 1018.   Therefore, he is not entitled to relief with respect to claim 6 under the "contrary to" clause of § 2254(d)(1).

Mr. Jones also fails to demonstrate the state court's ruling regarding his vindictive

prosecution claim was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2).   As noted above, Mr. Jones asserts the prosecution was vindictive because Mr. Denison vowed to make sure he would spend the rest of his life in prison and filed habitual criminal charges because Mr. Jones had successfully challenged his guilty plea in a prior case.   Mr. Jones fails, however, to present clear and convincing evidence to overcome the presumption of correctness that attaches to the state court's factual determinations that there was no evidence of any vindictiveness.   *See* 28 U.S.C. § 2254(e)(1).   In fact, the state court record confirms that the habitual criminal charges against Mr. Jones were included in the very first information that was filed by a different prosecutor before Mr. Denison took over.   *See* State Ct. R. (Court File) at 7-10.

Based on the fact that the habitual criminal charges were included in the first information filed before Mr. Denison was involved in the prosecution, Mr. Jones cannot demonstrate the state court's ruling regarding his vindictive prosecution claim was based on an unreasonable application of clearly established federal law under § 2254(d)(1). No clearly established federal law gives rise to a presumption of prejudice under these circumstances and, in the absence of any evidence of vindictiveness, it was not unreasonable to conclude Mr. Jones was not denied due process.   To the extent Mr. Jones may be asserting he should be allowed to conduct discovery regarding claim 6 or that an evidentiary hearing is required, the Court rejects the argument because the Court's review 'is limited to the record that was before the state court that adjudicated the claim on the merits" *Cullen*, 563 U.S. at 181.

For these reasons, Mr. Jones is not entitled to relief with respect to claim 6.

## IV. CONCLUSION

For the reasons discussed in this order, Mr. Jones is not entitled to relief on any of his remaining claims. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] is denied and this case is dismissed with prejudice. It is further

**ORDERED** that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). It is further

**ORDERED** that the Motion for Discovery and Evidentiary Hearing [Docket No. 45], the Motion for Appointment of Counsel [Docket No. 44], and the motion [Docket No. 51] seeking leave to proceed *in forma pauperis* in connection with the motion for appointment of counsel are denied.

Dated April 26, 2018.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge